[No. 6552. Decided March 23, 1907.]

W. H. WEAVER, *Respondent,* v. MONTANA STABLES,
*Appellant.*[1]

LIVERY STABLE KEEPERS—FIRES—CARE OF HORSES—QUESTION FOR
JURY. In an action against a livery stable keeper for the loss of
horses destroyed by fire, the question whether the defendant exer-
cised ordinary care in guarding against fires, is for the jury, where
it appears that the barn was in a peculiarly exposed position, that
the stalls were so located as to make it difficult to extricate horses
in case of fire, that defendant had no employee whose duty it was
to guard against fires, and that the only employees in the barn on
the night of the fire were engaged in their duties so far from the
scene of the fire as not to discover it until the alarm was given and
the fire so far advanced as to make it impossible to release any of
the horses in the part of the barn where plaintiff's horses were kept;
since reasonable minds might differ upon the question.

SAME—INSTRUCTIONS. In an action against a livery stable keeper
for the loss of horses destroyed by a fire, a requested instruction to
the effect that the defendant would not be liable if the fire was
started by a third person is properly refused, where the same is in
effect given with the qualification "unless by the exercise of ordinary
care on the part of the defendant" the horses could have been saved
notwithstanding the fire.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered May 19, 1906, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
to recover the value of horses lost through the burning of
defendant's livery stable. Affirmed.

*Brown, Leehey & Kane,* for appellant, contended, *inter
alia,* that it was error to instruct the jury as to the negligence
of the defendant when there was no evidence of any negligent
act by it. *Miles v. Douglas,* 34 Conn. 393; *People v. Muller,*
96 N. Y. 408, 48 Am. Rep. 635; *East Line R. Co. v.
Scott,* 72 Tex. 70, 10 S. W. 99, 13 Am. St. 753; *Holt v.*

[1]Reported in 89 Pac. 154.

5—46 WASH.

*Spokane etc. R. Co.*, 3 Idaho 703, 35 Pac. 39; *Markland v. McDaniel*, 51 Kan. 350, 32 Pac. 1114, 20 L. R. A. 96; *Harrison v. Cachelin*, 27 Mo. 26; *Jonas v. Field*, 83 Ala. 445, 3 South. 893; *Missouri Pac. R. Co. v. Platzer*, 73 Tex. 117, 11 S. W. 160, 15 Am. St. 771, 3 L. R. A. 639; *Arkridge v. Atlanta etc. R. Co.*, 90 Ga. 232, 16 S. E. 81; *Swank v. Nichols' Adm'r*, 24 Ind. 199; *Duggins v. Watson*, 15 Ark. 118, 60 Am. Dec. 560; *Hutchins v. Hutchins*, 98 N. Y. 56. The plaintiff assumed the risks incident to the location with respect to fires. *Knowles v. Atlantic etc. R. Co.*, 38 Me. 55, 61 Am. Dec. 234; *The William*, 6 Chr. Rob. (Eng. Adm.) 316; *Hobson v. Woolfolk*, 23 La. Ann. 384; *St. Paul etc. R. Co. v. Minneapolis etc. R. Co.*, 26 Minn. 243, 37 Am. Rep. 404; *Henderson v. Bessent*, 68 N. C. 223; *Russell v. Koehler*, 66 Ill. 459; *Seymour v. Brown*, 19 Johns. 44; *Meridan Fair etc. Ass'n v. North Birmingham St. R. Co.*, 70 Miss. 808, 12 South. 555; *Slaughter v. Green*, 1 Rand. (Va.) 3, 10 Am. Dec. 488. A presumption of negligence does not arise where a bailee takes the same care of the property of others as he does of his own. *First Nat. Bank of Carlyle v. Graham*, 79 Pa. St. 106, 21 Am. Rep. 49.

*Aust & Terhune*, for respondent.

Fullerton, J.—The appellant is engaged in the business of conducting a livery stable in the city of Seattle. In October, 1905, it received from the respondent five certain horses, which it engaged to keep, board, and groom for the consideration of twenty dollars per month each. On the night of December 24, 1905, the barn in which the horses were kept burned, suffocating, with several others, the five horses belonging to the respondent. The respondent brought this action to recover the value of the horses, alleging in his complaint that they were suffocated because of the negligence of the appellant. The case was tried before the court and a jury, and resulted in a verdict and judgment for the respondent.

At the close of the trial, the appellant challenged the sufficiency of the evidence to support a verdict for the respondent, and the first error assigned is the ruling of the court refusing to sustain the challenge.   The appellant contends that its contract with the respondent, being for their mutual benefit, bound it to take only ordinary care of the property, or that degree of care which a person of ordinary prudence usually takes of his own property under similar circumstances, and that there was no evidence that it did not take such ordinary care of the horses.   But, without reviewing the evidence in detail, we think it presented a question for the jury.   The evidence introduced on the part of the respondent showed that the livery barn was situated in a crowded district; that it was partially under a Japanese lodging house where fires were maintained; that nearby was a Chinese laundry; that just across the alley, and in close proximity, was a paint shop; next to that a resort or place for smoking opium; and next a Chinese restaurant.   As one of the witnesses stated, "the neighborhood was a peculiar one; there were Japs and Chinese and Africans living in the immediate vicinity, all mixed together," exposing the barn to the trespasses of the homeless and dissolute class who desired a temporary lodging. Testimony was offered, also, tending to show that the manner in which the barn was constructed and the location of the stalls in which the horses were kept was such as to make it extremely difficult to extricate the animals in case of fire. With surroundings such as these, the appellant had no employee or assistant whose particular duty it was to guard against fires.   While two of its employees were in the barn on the night the fire occurred, they were engaged in duties so far remote from the scene of the fire as not to discover it until the alarm was given by persons not connected with the barn, and until it was so far advanced as to make it impossible to release any of the animals in that part of the barn where the respondent's horses were kept.   What degree of care amounts to ordinary care depends upon the circum-

stances of the given case. Much greater vigilance in guard-
ing against fires is required where the barn is in an exposed
situation than is necessary where the danger from outside
sources is remote or nonexistent. The question of what consti-
tutes ordinary care must then generally be one of fact. It
must be one of fact in all cases where the evidence is contra-
dictory, or more than one inference can be drawn from the
facts admitted or proved. In the case at bar, it seems to us
that it must have been foreseen that a fire would at some
time inevitably result from the surrounding conditions; and
whether the appellant sufficiently guarded against the hap-
pening of that event was so far doubtful that reasonable
minds might reasonably differ upon the question. This being
so, the question was for the jury, and the court did not err
in submitting it to them.

The appellant requested the following instruction:

"The starting of a fire by the negligent act of some third
person not under the control and without the knowledge of
the defendant would not bind the defendant to any re-
sponsibility for the plaintiff's losses."

The court gave the following:

"The defendant in this case could not be held liable unless
the loss of the horses was caused by the failure of the de-
fendant company to exercise the ordinary care which I have
said the law requires it to exercise, and if you should find
from the evidence that the horses in this case were destroyed
in consequence of fire which was not started by the defendant
through any act of negligence on its part, or through any
act of negligence on the part of any of the servants of the
defendant entrusted with the care of this stable—I say, if
you should find the horses were destroyed by a fire for the
starting of which the defendant was not responsible, then
the plaintiff cannot recover unless you are satisfied by the
evidence that, by the exercise of ordinary care on the part
of the defendant company, the horses would have been saved,
notwithstanding the fire."

The appellant excepted to the refusal to give the requested
instruction and to the instruction given, but we find no error

in the ruling of the court. The requested instruction was embodied in the instruction given, and the instruction given correctly stated the law.

The judgment is affirmed.

HADLEY, C. J., DUNBAR, MOUNT, and CROW, JJ., concur.